IRENE ANDREWS *vs.* ARMOUR & COMPANY ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, JS.

Argued March 5th—decided April 3d, 1935.

*DeLancey S. Pelgrift,* for the appellants (defendants).

*Wilson C. Jainsen,* with whom was *Andrew S. Aharonian,* for the appellee (plaintiff).

BANKS, J.  This is an appeal from the denial by the court of the defendants' motion to set aside the verdict of the jury in favor of the plaintiff.  On May 18th, 1934, at about 11 p. m., plaintiff was a passenger in an automobile which was proceeding west on New Britain Avenue in the town of Plainville, and which came into collision with a truck of the named defendant which was being operated in an easterly direction by its employee, the other defendant Pentore.  The collision took place at the intersection of New Britain Avenue and Ledge Road which enters it from the south.  As plaintiff's car was turning from New Britain Avenue to enter Ledge Road it was struck by defendant's truck which was approaching from the west.  The plaintiff's version of the accident was that the car in which she was riding had reached the intersection of Ledge Road while defendant's truck was still a considerable distance west of the intersection, and that the truck, approaching at a very rapid rate of speed, struck her car upon its right side near the rear, at a point when it had nearly completed the turn into Ledge Road, the front of the car having passed off the concrete or traveled portion of New Britain Avenue.  The defendants' version was that after the truck had reached the intersection the plaintiff's car suddenly turned to the left across its path giving the driver of the truck no opportunity to avoid a collision.  Defendants claimed that this action of the operator of plaintiff's car was the sole

proximate cause of the collision, while plaintiff claimed that it was caused by the negligence of the defendant Pentore in driving at an excessive rate of speed without slowing down at the intersection, which the plaintiff's car had already entered. There was sharp conflict in the evidence which the jury resolved in favor of the plaintiff. This result must stand unless, as claimed by the defendants, the testimony of the plaintiff's witnesses was so incredible that the jury could not reasonably have believed it.

The driver of the car in which plaintiff was riding testified that, as he was about to make the turn into Ledge Road, he saw the lights of defendant's truck three hundred yards away, that he was going twelve or fifteen miles an hour and the truck sixty-five miles an hour. A passenger in the car testified that when they were part way across the road he saw the lights of the truck seven to eight hundred feet away. The plaintiff testified that the truck was "quite a ways up the road," another passenger in the car that it was "quite a distance down the road and we had plenty of time to turn into Ledge Road," and estimated the distance to be "as far as from here to the other end of the court house." The defendants say that, if the testimony of the plaintiff's driver is to be believed, it would follow that while he was covering fifteen to eighteen feet across the road at twelve to fifteen miles an hour, the defendant's truck must have traveled nine hundred feet at an utterly incredible rate of speed. They contend that such evidence is so contrary to known facts and physical laws as to require the jury to disregard it, with the result that the only credible evidence in the case as to the relative positions of the two cars is that of the defendant Pentore. The testimony of a witness as to the distance as well as the speed of a car coming directly toward him at night, only the head-

lights of the car being seen, is entitled to but little weight in determining the exact distance of the car or its speed. *Swayne* v. *Connecticut Co.*, 86 Conn. 439, 443, 85 Atl. 634; *Martino* v. *Connecticut Co.*, 109 Conn. 559, 561, 147 Atl. 20. It is at best an estimate made under conditions such that it may well not even approximate the actual distance. It does not follow that the jury is not entitled to consider it in determining the actual distance, though other factors in the case may establish that the distance cannot be as great as that testified to. Though it be conceded that defendant's truck could not have been three hundred yards away when plaintiff's car began to turn into Ledge Road, the jury might nevertheless have found, making allowance for the palpable exaggeration in the evidence of the driver of the car, and giving proper weight to the evidence of the plaintiff and other passengers in the car who did not attempt to fix the exact distance of the truck, that it was at some lesser distance. *Anderson* v. *Colucci*, 119 Conn. 241, 175 Atl. 681. They might reasonably have found, in accordance with the testimony of two of the passengers in plaintiff's car, that the truck was far enough away to give them time to make the turn into Ledge Road if it had not been proceeding at an excessive rate of speed.

There was evidence also from which the jury could properly have found that the defendant-driver did not materially reduce his speed as he approached the intersection; that he did not observe in adequate time, as he could have done, that the plaintiff's car was in the intersection and was making a turn into Ledge Road, and that he failed to bring and keep his car under control while these events were taking place.

This is no error.

In this opinion the other judges concurred.